UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14007-T/P-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MEGAN SCHILLING,

    Defendant.
_____/



FILED by ____ D.C.

OCT 3 0 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

# REPORT AND RECOMMENDATION ON
# SUPERSEDING PETITION ALLEGING VIOLATION OF PROBATION

**THIS CAUSE** having come on to be heard for an evidentiary hearing on October 30, 2008 in respect to Violation Number 3 of the Superseding Petition, and this Court having conducted such a hearing and having received sworn testimony and arguments of counsel, makes the following recommendations to the District Court.

1. This Court previously conducted an evidentiary hearing in regards to Violation Numbers 1 and 2 which were set forth in the original Petition. Violations 1 and 2 in the Superseding Petition signed by Judge Moore after that hearing are not changed. Therefore, this Court's previous Report and Recommendation in regards to those two violations recommending that the Defendant be found to have violated her probation, is not affected by this Report and Recommendation. Violation Number 3 of the Superseding Petition alleges as follows:

| | |
|---|---|
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 20, 2008, in St. Lucie County, Florida, the defendant was arrested by the St. Lucie County Sheriff's Office, Case No. 2008CF4159, and charged with obtaining or attempting to obtain a controlled substance by fraud contrary to Florida Statute 893.13(7)(a)9. |

2. Subsequent to the hearing held by this Court on the original Petition on October 27, 2008, Judge Moore signed the Superseding Petition in this case and a copy was provided to the Court. The Defendant was advised of the additional violation contained in Violation Number 3 of the Superseding Petition at her initial appearance on the Superseding Petition on October 29, 2008.

3. At the hearing on October 30, 2008, this Court received evidence only in respect to the third violation. At that time, Detective Sessoms of the St. Lucie County Sheriff's Office testified. He conducted an investigation into the Defendant obtaining a large amount of prescription drugs from various doctors in the South Florida area. Based upon pharmacy records that Detective Sessoms was able to obtain, the Defendant obtained approximately 1,648 pills of controlled substances including oxycodone and Dilaudid. She purportedly obtained an additional 431 pills of Benzodiazoprines. The time period during which the Defendant purportedly obtained these controlled substances was from January 7, 2008 through August 15, 2008.

4. Detective Sessoms testified that one of the doctors that the Defendant was seeing was Dr. Lucas. She was purportedly seeing Dr. Lucas to attempt to be treated for addiction to opiates. Some of the pills that she obtained during this time period were purportedly for that treatment.

5. There were some seven doctors that Detective Sessoms testified had provided prescriptions at various times to the Defendant during the period in question. In speaking with a couple of the doctors, it was determined by Detective Sessoms that the doctors did not know that the Defendant was actually seeing other physicians to obtain prescription drugs.

2

6. Based upon his investigation, Detective Sessoms obtained a warrant for the Defendant's arrest. He executed that warrant on her on or about October 20, 2008, charging the Defendant with obtaining or attempting to obtain controlled substances by fraud contrary to Florida statute.

7. The Defendant presented no witnesses or evidence at the hearing concerning Violation Number 3 of the Superseding Petition.

8. Based upon the foregoing evidence, this Court finds that the evidence is sufficient to sustain the government's burden that the Defendant was obtaining a very large quantity of controlled substances by "doctor shopping." Whether the Defendant was selling these narcotics to other people and/or using these narcotics that she was obtaining, she was still violating the terms of her probation by obtaining such controlled substances from various doctors without letting each doctor know that she was obtaining similar controlled substances from other physicians. This fraudulent conduct in obtaining prescription drugs is the substance of Violation Number 3 of the Superseding Petition.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated her probation in regards to Violation Number 3 set forth in the Superseding Petition and that a sentencing hearing be set before the District Court at the earliest possible convenience for final disposition of this matter.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 20th day of October, 2008, at Ft. Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Rinku Talwar
AFPD Fletcher Peacock
U.S. Probation Office
U.S. Marshal